UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRITTENHAM,

              Plaintiff,

v.                                         Case Number: 09-CV-14056
                                          Honorable Lawrence P. Zatkoff

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et. al.*,

              Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. INTRODUCTION**

On October 14, 2009, Dennis Brittenham ("Plaintiff"), a state inmate currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, seeking damages for false arrest and kidnapping. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

In his *pro se* complaint, Plaintiff alleges that he is being held in violation of his rights. He seeks monetary damages. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B) and 1951A(b). The Court also concludes that an appeal cannot be taken in good faith.

**II. STANDARD OF REVIEW**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. § 1915(e)(2) and 1915(A)). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and, (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

In this case, despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to summary dismissal.

### III. DISCUSSION

The complaint is subject to dismissal because Plaintiff has failed to allege any facts which show each individual defendant's personal involvement or responsibility in the alleged constitutional violations. In the context of a civil rights claim, conclusory allegations of unconstitutional conduct

2

without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also*, *Johnson v. Freeburn*, 29 F.Supp.2d 764, 767 (E.D. Mich. 1998). A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

On October 27, 2009, the Court ordered Plaintiff to provide the Court with the proper names and addresses of the Defendants involved. On December 3, 2009, Plaintiff filed a "Letter" with the Court, naming approximately nineteen Defendants. However, Plaintiff failed to specifically identify each defendant and explain their respective role in the alleged violations. The complaint is therefore subject to summary dismissal pursuant to § 1915(e)(2)(B). *See Asberry v. Bisig*, 70 Fed. App'x 247, 248-49 (6th Cir. 2003). Stated differently, Plaintiff's complaint is subject to dismissal because Plaintiff has failed to allege with any degree of specificity which of the named defendants were personally involved in, or responsible for, the alleged violations of his federal rights. *See Frazier v. Michigan*, 41 Fed. App'x 762, 764 (6th Cir. 2002); *see also Branham v. Jabe*, 853 F.2d 926 (6th Cir. 1988) (district court properly granted summary judgment where prisoner in civil rights case failed to allege any personal involvement on the part of the defendants in the events complained of).

Furthermore, Plaintiff has failed to provide the Court with Defendants' proper addresses. Where a plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States marshal's Office, who must effect service upon the defendants, once the plaintiff has properly identified the defendant in the complaint. *Williams v. McLemore*, 10 Fed. App'x 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); 28 U.S.C. § 1915(d). Accordingly, the Court will dismiss Plaintiff's complaint.

3

Additionally, Plaintiff's complaint is subject to dismissal because it appears that he is challenging his continued imprisonment–which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff appears to be arguing in his complaint that he was falsely arrested and kidnapped. It is Plaintiff's position that because of that, he has been incarcerated in violation of his constitutional rights. Considering Plaintiff's statement of facts as stated, "I was falsely arrested and kidnaped from my county jail for a crime the (sic) wasn't committed," and "took prisoner from county jail for a crime that wasn't committed or otherwise kiddnapped (sic)," the Court finds that he is challenging

the validity of his continued confinement. Plaintiff has thus failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983; his complaint is barred by *Heck* and must be dismissed.

Against that backdrop, the Court dismisses Plaintiff's complaint.

### IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint. Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 26, 2010.

s/Marie E. Verlinde
Case Manager
(810) 984-3290